IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Matthew King, :

           Plaintiff   :   Civil Action 2:10-cv-800

v.   :   Judge Marbley

Michael J. Astrue, Commissioner
of Social Security,   :   Magistrate Judge Abel

           Defendant

:

**ORDER**

This matter is before the Court on defendant's May 9, 2011 objections to Magistrate Judge Abel's April 21, 2011 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that this case should be remanded to permit the administrative law judge to re-evaluate plaintiff's disability claims under the five-step sequential evaluation mandated by the Regulations and case law-- including, but not limited to, a reassessment of plaintiff's impairments at step 2, reassessment of plaintiff's residual functional capacity, and to determine anew whether plaintiff was under a disability. The Court further finds for the reasons set out below that defendant's objections to the Report and Recommendation are without merit.

Defendant argues that although the administrative law judge failed to refer to five specific instances in the record, the five treatment notes only concern plaintiff's allegations of falling, weakness and pain. Defendant maintains that allegations

uncorroborated by clinically proper findings do not undermine the administrative law judge's decision. According to defendant, the finding of hand/ankle swelling was not clinically correlated by any physician to an impairment or cited by any physician as causing any functional limitation. Sensory deficits in plaintiff's left hand bears no relationship to his use of his right arm, and the administrative law judge reasonably accommodated plaintiff's left arm impairment. Even though one physician found sensory deficits in plaintiff's feet, this finding does not undermine the medical evidence otherwise supporting the administrative law judge's decision about a lack of a severe impairment in plaintiff's legs. Defendant further argues that the administrative law judge concluded that diagnostic testing and medical opinion evidence contradicted and ruled out the possibility of neuropathy or leg impairment. He specifically relied on Dr. Kolb's statement that plaintiff's reported leg symptoms was not related to any back condition.

The Magistrate Judge correctly concluded that the administrative law judge erred when he failed to consider a number of treatment records referring to plaintiff's complaints of lower extremity paresthesias and weakness with episodes of falling and ambulation with a cane and right upper extremity weakness. Because the administrative law judge failed to specifically address the treatment notes documenting plaintiff's allegations of limitations in his ability to stand, walk, and use his right upper extremity, this case this is REMANDED for further consideration.

Algenon L. Marbley
United States District Judge