IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Matthew King,                           :

        Plaintiff            :   Case No. 2:10-cv-00800

v.                                      :   Judge Marbley

Michael J. Astrue, Commissioner         :   Magistrate Judge Abel
of Social Security,
                                        :
        Defendant
                                        :

# ORDER

By an Order of August 19, 2011, the Court remanded this case for further consideration of the treatment notes documenting plaintiff's allegations of limitations in his ability to stand, walk, and use his right upper extremity. This matter is now before the Court on plaintiff's October 25, 2011 motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 21.)

Under the EAJA, 28 U.S.C. §2412(d)(1)(A):

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

When an award is also made under 42 U.S.C. §406(b)(1), an EAJA award reimburses the plaintiff for the fees he paid his attorney under §406(b)(1). *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985). A prevailing plaintiff is entitled to recover attorney's fees from the government unless the government shows that its litigation position was substantially justified. *Sigmon Fuel Company v. Tennessee Valley Authority*, 754 F.2d 162, 166 (6th Cir. 1985).

The Commissioner bears the burden of demonstrating that her position was substantially justified, *E.W. Grobbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999). The test for determining when the government's litigation position is substantially justified was set out by the United States Court of Appeals for the Sixth Circuit in *Trident Marine v. Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. 1985):

> Whether or not the government's position is substantially justified is basically a question of reasonableness. *Wyandotte Savings Bank v. NLRB,* 682 F.2d 119, 1200 (6th Cir. 1982). "The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleading; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." *United States v. 2,116 Boxes of Boned Beef*, 762 F.2d at 1487.

Here, the Commissioner does not argue that his position was substantially justified. Rather, the Commissioner only requests that the Court reject plaintiff's application for EAJA fees insofar as he requests direct payment to his counsel rather than to plaintiff.

The Commissioner is correct. Plaintiff is a prevailing party within meaning of the EAJA in his social security benefits case, and the award of attorney fees pursuant to the EAJA is payable to him rather than to his attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

Accordingly, the Court HOLDS that plaintiff's October 25, 2011 motion for fees under the EAJA (doc. 21) is meritorious; and, therefore, it is GRANTED. Plaintiff Matthew King is AWARDED attorney fees in the amount of $1,893.75.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge